FILED ENTERED
RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD

JUN -9 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF AMERICA, | 2:09-cv-02070-RCJ-RJJ |
| *Plaintiff,* | |
| vs. | **ORDER** |
| WENDY MACADANGDANG as special administrator on behalf of ESTATE OF DANNY MACADANGDANG, SIERRA MACADANGDANG, | |
| *Defendants.* | |

## INTRODUCTION

This case arises out of a motor vehicle accident and the ensuing dispute over insurance coverage. Defendants Wendy Macadandang, as special administrator of the Estate of Danny Macadangdang, who is deceased, Wendy Macadangdang, in her individual capacity, and Wendy Macadangdang, as Guardian ad Litem for Sierra Macadandang, a minor, bring this Motion to Dismiss (#16) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Plaintiff Encompass Insurance Company of America filed a timely Response (#18) in opposition to Plaintiffs' motion. Plaintiffs filed a timely reply (#20).

The Court has considered all of the pleadings and arguments by the parties.

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (#16) is DENIED.

## BACKGROUND

On October 17, 2004, Danny Macadandang was involved in a motor vehicle accident while a passenger in a vehicle driven by Jordan Don Lebie, son of Cindy and Donald Lebie. (Complaint ¶¶ 10, 19, #1). Plaintiff Encompass Insurance Company of America ("Plaintiff") issued an insurance policy to Defendants Cindy and Donald Lebie. (*Id.* ¶ 15). Danny Macadangdang suffered injuries that ultimately resulted in his death. (*Id.* ¶ 22).

The death and injuries to Danny Macadangdang prompted Defendant Wendy Macadandang in her individual, as special administrator of the Estate of Danny Macadandang, and as Guardian ad Litem for minor Sierra Macadandang (collectively, "Macadangdangs" or "Defendants"), to bring a lawsuit against Cindy Lebie and Jordan Lebic in District Court, Clark County, Nevada, Case no. A509128, captioned *Macadangdang, et al., v. Lebie, et al.*, on August 26, 2005 ("the Underlying Action"). (*Id.* ¶ 11). In the Underlying Action, Defendants seek damages for negligence, wrongful death, and punitive damages. (*Id.* ¶ 26, #1; #18 Ex. A). The Underlying Action was set for trial on March 15, 2010, but has since been moved to mid-April.

Plaintiff's policy issued to Cindy and Donald Lebic provides coverage for bodily injury liability. (Complaint ¶ 15, #1). The policy limits consist of a "per person" limit in the amount of $100,000, and a "per occurrence" limit of $300,000. (*Id.* ¶ 15). The policy was in effect on the date of the accident, October 17, 2004. (*Id.*). The policy also provides that the per person limit is the "TOTAL LIMIT OF LIABILITY FOR DAMAGES BECAUSE OF BODILY INJURY SUSTAINED BY ANY ONE PERSON IN ANY ONE MOTOR VEHICLE ACCIDENT, INCLUDING DAMAGES SUSTAINED BY ANYONE ELSE AS A RESULT OF THAT BODILY INJURY." (*Id.*). The policy further iterates that "PUNITIVE AND EXEMPLARY DAMAGES ARE NOT COVERED AND THEREFORE ARE NOT INCLUDED IN AND ARE NOT IN ADDITION TO THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR MOTOR VEHICLE LIABILITY." (*Id.*).

It is alleged in Plaintiff's complaint that the Macadangdangs made demands under the policy for the per occurrence limit, $300,000.00. (*Id.* ¶ 29). Plaintiff has already offered the per person allowance of $100,000.00 to the Macadangdangs. (*Id.*). Based on this dispute in coverage, Plaintiff seeks declaratory relief from this Court pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and N.R.S. Chapter 30.

**DISCUSSION**

**A.      Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.  Analysis**

Defendants bring this instant motion alleging that there is no case and controversy presented in this action and therefore this Court has no jurisdiction. Defendants fail to address the directly on point case law presented not only in Plaintiff's complaint, which Defendants are seeking to dismiss, but also in Plaintiff's opposition. While Defendants' position as to the case and controversy requirement is rational, it is not supported by this Circuit's law. In essence, Defendants urge the

///

Court to make a decision contrary to the law which binds this Court, without even an attempt to distinguish this case from the cases cited by Plaintiff in the complaint.

"By the express terms of the Constitution, the exercise of the judicial power is limited to 'cases' and 'controversies.'" *Muskrat v. U.S.*, 219 U.S. 346, 356, 31 S. Ct. 250 (1911). The Declaratory Judgment Act specifically provides a right for claimants seeking declaratory relief in certain situations. The statute provides:

> (a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . .

28 U.S.C. § 2201. As noted by the Ninth Circuit Court of Appeals, "[t]he Declaratory Judgment Act embraces both constitutional and prudential concerns. A lawsuit seeking declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. It must also fulfill statutory jurisdictional prerequisites." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998) (internal citations omitted). The United States Supreme Court has held that a case or controversy "must be definite and concrete, touching the legal relations of parties having adverse legal interest. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41, 57 S. Ct. 461 (1937). The Ninth Circuit has elucidated on this principle, holding that where plaintiffs seek declaratory relief, the relevant inquiry is whether there is "*sufficient immediacy and reality*" to warrant the issuance of a declaratory judgement." *Ross v. Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999).

As noted by Plaintiff in the complaint and the response in opposition to Defendants' motion, the Ninth Circuit has consistently held that a "dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement."

1  *Gov't Employees Ins. Co.*, 133 F.3d at 1222 n.2. For instance, in *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144-45 (9th Cir. 1994), the Ninth Circuit determined that an insurer had a ripe case or controversy where it sought a declaration regarding its obligations in a pending state court action. This is also consistent with the United States Supreme Court's application of the case and controversy requirement in *Maryland Casualty v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S. Ct. 510 (1941), where the Court held that an insurer's declaratory action regarding its duty to defend and indemnify was sufficiently ripe, even when the underlying liability action in state court had not yet proceeded to judgment.

In the present case, Plaintiff seeks declaratory relief regarding its obligations under the policy it has or had with the Lebies. The Macadangdangs are joined as parties, considering that they are the ones making the demands under the policy and are arguably the real parties in interest. It is undisputed that the Macadangdangs claim they are entitled to the per occurrence amount under the policy of $300,000.00. Plaintiff contends that they are only liable for the $100,000.00, per person limit, and have offered to pay that policy limit to the Macadangdangs. This is a sufficiently immediate and real controversy under the law of this Circuit and the Supreme Court to warrant jurisdiction. The parties in this suit have adverse legal interests and have a real dispute over the amount owed under the insurance contract.

Defendants completely ignore the Ninth Circuit case law raised by Plaintiff. This is in spite of the citations to the cases supporting jurisdiction that were included in Plaintiff's Complaint! Defendants do not even make a good faith attempt to distinguish the present case from those cited by Plaintiff. In the face of the clear citation to contrary law, Defendants chose to instead argue passed the law, in essence, attempting to get this Court to make an incorrect determination. Unlike Defendants' argument that this is merely a potential liability, it is uncontested that Plaintiff has an

///

///

obligation to Defendants. This is not a potential liability, but a real liability over which there is a live dispute as to coverage. As has already been discussed in the case law cited above, it is unnecessary for there to be a judgment in the underlying action to make this controversy actionable.

## CONCLUSION

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (#16) is DENIED.

DATED: This 9th day of June, 2010.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE